# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO. 1:09-cv-01868-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RULE 56(D) MOTION AND REQUIRING PLAINTIFF TO FILE AN OPPOSITION WITHIN SIXTY DAYS |
| v. | |
| E. BENUELOS, | (Doc. 34) |
| Defendant. | |

Plaintiff Kevin E. Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Benuelos for retaliation, in violation of the First Amendment.

Pursuant to the scheduling order issued on April 12, 2011, the deadline for the completion of all discovery is December 12, 2011. On September 15, 2011, Defendant filed a motion for summary judgment, and on October 3, 2011, Plaintiff filed a motion seeking to defer the ruling on Defendant's motion pending completion of discovery. Fed. R. Civ. P. 56(d). On October 19, 2011, Defendant filed a conditional statement of non-opposition to granting Plaintiff a ninety-day extension of time to complete discovery and file his opposition.

Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually

exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

At issue in this case is whether Defendant confiscated Plaintiff's Kool-Aid and issued him a serious rules violation report for possession of pruno in retaliation against him for his litigation activities. (Doc. 1.) The Court may not, on summary judgment, weigh the evidence or assess the credibility of witnesses, Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1035-36 (9th Cir. 2005), and to defeat summary judgment, Plaintiff need only raise a genuine issue of material fact as to whether adverse action was taken against him in retaliation for his exercise of a protected right, e.g., Bruce v. Ylst, 351 F.3d 1283, 1289-90 (9th Cir. 2003).

Although Plaintiff asserts that he needs further discovery to respond to Defendant's motion, the discovery phase of this litigation commenced on April 12, 2011, and it is set to close on December 12, 2011. Plaintiff's general statement that he needs discovery does not suffice to defer consideration of Defendant's motion for summary judgment, and he has made no showing that the specific evidence he seeks is necessary to prevent summary judgment. As a practical matter, the resolution of this motion and the assignment of a sixty-day deadline to respond puts the due date for Plaintiff's opposition well beyond the close of discovery, providing Plaintiff with ample time to prepare and file an opposition.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion is DENIED; and
2. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file his opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

**Dated:   November 30, 2011**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE