# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO. 1:09-cv-01868-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, REQUIRING DEFENDANTS TO SERVE SUPPLEMENTAL RESPONSES TO ROGS WITHIN THIRTY DAYS, AND DENYING PLAINTIFF'S MOTION FOR REASONABLE EXPENSES |
| v. | |
| E. BANUELOS, | |
| Defendant. | |
| | (Doc. 40) |

**Order Granting in Part and Denying in Part Motion to Compel**

## I. Introduction

Plaintiff Kevin E. Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action for damages is proceeding against Defendant Banuelos for retaliation, in violation of the First Amendment. Plaintiff's claim arises from an incident on June 16, 2006, in which Defendant confiscated his Kool-Aid and then wrote him up for possessing pruno, allegedly in retaliation for his litigation activities and for complaining about the Kool-Aid confiscation.

On December 1, 2011, Plaintiff filed a timely motion to compel and for reasonable expenses incurred in bringing the motion. Fed. R. Civ. P. 37. Defendant filed an opposition on December 19, 2011, and the motion has been submitted. Local Rule 230(l).

## II. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would

1  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to
2  involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.
3  Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 23, Discovery and Scheduling Order, ¶5.

4  Further, where otherwise discoverable information would pose a threat to the safety and
5  security of the prison or infringe upon a protected privacy interest, a need may arise for the Court
6  to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c);
7  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or
8  interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co.
9  v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005)
10 (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995)
11 (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia
12 v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D.Cal. Apr. 12, 2012)
13 (noting inmate's entitlement to inspect discoverable information may be accommodated in ways
14 which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM
15 PC, 2012 WL 912746, at *2-3 (E.D.Cal. Mar. 16, 2012) (issuing protective order regarding
16 documents containing information which implicated the safety and security of the prison); Orr v.
17 Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D.Cal. Mar. 7, 2012) (addressing
18 requests for protective order and for redaction of information asserted to risk jeopardizing safety and
19 security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB
20 P, 2011 WL 6703958, at *5-6 (E.D.Cal. Dec. 21, 2011) (requiring defendants to submit withheld
21 documents for in camera review or move for a protective order).

22 However, regardless of Plaintiff's incarceration, this is a civil action to which the Federal
23 Rules of Civil Procedure apply, and the discovery process is subject to the overriding limitation of
24 good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation
25 marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that
26 is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any
27 matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation
28 ///

marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Nonetheless, the Court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding, e.g., Marti v. Baires, No. 1:08-cv-00653-AWI-SKO PC, 2012 WL 2029720, at *3 (E.D.Cal. Jun. 5, 2012); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D.Cal. May 4, 2009).

**III.   Discussion**

    **A.   Interrogatories and Production of Document Requests, Set One**

        **1.   Legal Standards**

            **a.   Interrogatories**

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P.

1  33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v.
2  Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and
3  reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D.
4  Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in
5  order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v.
6  Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).
7  Further, the responding party has a duty to supplement any responses if the information sought is
8  later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

### b. Request for the Production of Documents

10  A party may serve on any other party a request within the scope of Rule 26(b) to produce and
11  permit the requesting party or its representative to inspect, copy, test, or sample the following items
12  in the responding party's possession, custody or control: any designated documents or tangible things
13  (POD).  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's
14  'possession, custody, or control' if the party has actual possession, custody, or control thereof or the
15  legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO,
16  2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th
17  Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at
18  *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1
19  (E.D.Cal. Mar. 19, 2010).

20  In responding to discovery requests, a reasonable inquiry must be made, and if no responsive
21  documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state
22  with sufficient specificity to allow the Court to determine whether the party made a reasonable
23  inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL
24  892093, at *2-3 (E.D.Cal. Mar. 9, 2010).  If responsive documents do exist but the responding party
25  claims lack of possession, control, or custody, the party must so state with sufficient specificity to
26  allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2)
27  to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC),
28  ///

2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

### 2. ROGs 1-3, Set One

**ROG 1:** "If you[r] response to request for admission No. 1, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that you didn't violate my rights under the First Amendment, on June 16, 2006."

**ROG 2:** "If your response to request for admission No. 2, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that you didn't retaliate against me, on June 16, 2006."

**ROG 3:** "If your response to Request for Admission No. 3, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that you didn't violate my constitutional rights, on June 16, 2006."

**Response:** Defendant's corresponding RFA responses were not unqualified admissions; and he objected to the ROGs as compound, and as seeking confidential contact information for prison staff which would jeopardize the safety and security of the institution and which is protected by the official information and personal privacy privileges.

Without waiving his objections, Defendant responded that he was required to make three cell searches a day, the facts and names of those involved are set forth in the relevant Rules Violation Report, and the burden of obtaining the information from the RVR is substantially the same for either party.

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

The interrogatories are compound, and Defendant shall answer them separately as to (1) facts and (2) names. The relevance of the information is obvious and Defendant may not deflect the requests by referring Plaintiff to a document from which Plaintiff may cull information; Defendant is required to make a reasonable effort to respond. L.H. v. Schwarzenegger, 2007 WL 2781132, *2.

1  While a bare assertion of privilege or privacy is not sufficient and the witnesses' names are
2  not shielded from disclosure in any event, Defendant is not required to disclose telephone numbers
3  or addresses. Seattle Times Co., 467 U.S. at 35 n.21; Burlington N. & Santa Fe Ry. Co., 408 F.3d
4  at 1149; Soto, 162 F.R.D. at 616. Plaintiff has little to no need for that information, and the safety
5  and security risk to staff is obvious and substantial.

### 3.   PODs 1-3, Set One

**POD 1:** "Produce and relinquish Defendant Banuelo's personnel file."

**Response:** Defendant objected to the request as overbroad, seeking irrelevant documents, and not reasonably calculated to lead to admissible evidence. Defendant also invoked the official information privilege and privacy concerns.

**Ruling:** Plaintiff's motion to compel the production of Defendant's personnel file is denied.

The request is overly broad. Plaintiff is not entitled to peruse Defendant's entire personnel file on a fishing expedition; the request does not evidence a good faith effort to draft a request reasonably calculated to lead to the discovery of admissible evidence; and Plaintiff failed to meet his burden as the moving party by showing that Defendant's entire personnel file is relevant to his claim that Defendant retaliated against him on June 16, 2006. Plaintiff's argument in his motion that he is entitled to discovery because he has a viable claim does not serve to fulfill his burden of demonstrating the relevance of the documents he is seeking.

**POD 2:** "Produce and relinquish Plaintiff Kevin E. Fields's central file ('C-File') in its entirety. Including, but not limited to, all confidential documents."

**Response:** Defendant objected that Plaintiff's central file is already in his possession and is equally available to him; the request for all confidential documents is vague, overbroad, and not reasonably calculated to lead to admissible evidence; the request seeks irrelevant information; and the documents which are confidential contain information integral to the safety and security of the institution and are protected by the official information privilege and personal privacy.

**Ruling:** Plaintiff's motion to compel is denied.

That Plaintiff's central file is equally available to him does not necessarily shield its disclosure and that objection is overruled. However, the request is overly broad; the request does

1 not evidence a good faith effort to draft a request reasonably calculated to lead to the discovery of
2 admissible evidence; and Plaintiff failed to meet his burden as the moving party by showing that his
3 entire central file, including all confidential documents, is relevant to his claim that on June 16,
4 2006, Defendant retaliated against him.

**POD 3:** "Produce and relinquish Plaintiff Kevin E. Field's CDCR 114A folder in its entirety. Limited to all entries made on June 15, 2006 through June 16, 2006."

**Response:** Defendant objected that the CDCR 114A folder is in Plaintiff's central file, which is already in his possession and is equally available to him; the request is vague, overbroad, not reasonably calculated to lead to admissible evidence, and seeks irrelevant documents; and to the extent the documents sought are confidential, the documents contain information integral to the safety and security of the institution and are protected by the official information privilege and personal privacy.

**Ruling:** Plaintiff's motion to compel is denied.

That Plaintiff's central file is equally available to him does not necessarily shield its disclosure. However, the Court declines to speculate what documents are contained in a CDCR 114A folder or how they are relevant. Plaintiff bears the burden of demonstrating that the documents sought are relevant to his claim and he has not done so.

**B.    Interrogatories and Production of Document Requests, Set Two**

**1.    ROGs 4-11, Set Two**

**ROG 4:** "What were the inmate(s) full names assigned to 4B1R# 49 on June 15, 2006."

**ROG 5:** "What were the inmate(s) full names assigned to 4B1R# 49 on June 16, 2006."

**ROG 6:** "What were the inmate(s) CDCR-Prison identification number(s) assigned to 4B1R# 49 on June 15, 2006."

**ROG 7:** "What prison are the inmate(s) confined in that were assigned to 4B1R# 49 on June 15, 2006."

**ROG 8:** "What prison are the inmate(s) confined in that were assigned to 4B1R# 49 on June 16, 2006."

///

**ROG 9:** "What is inmate Weatherspoon's full name who was assigned to 4B1R# 48 on June 15, 2006."

**ROG 10:** "What prison is inmate Weatherspoon's who was assigned to 4B1R# 48 on June 15, 2006 serving out his life-term."

**ROG 11:** "What prison is inmate Isaac Montgomery # J-94674 confined in."

**Response:** Defendant objected that the requests seek irrelevant information which is not likely to lead to the discovery of admissible evidence, and the requests seek confidential information which may threaten the safety and security of the institution, staff, and inmates. Defendant further objected that Plaintiff is not entitled to possess the information pursuant to Cal. Code Regs., tit. 15, §§ 3321 and 3450(d), its disclosure is protected by the California Government Code § 6254(c) and (f), and the information is protected by third parties' privacy rights, which Defendant cannot waive.

**Ruling:** Plaintiff's motion is granted in part and denied in part.

Plaintiff was housed in 4B1R #50 at the time of the incident and with the exception of ROG 11, it is clear that the ROGs are directed at discovering the identities of inmates who may have witnessed the events at issue. Defendant's objections that the requests seek irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence are without merit and are overruled.

Defendant's assertion that identifying by name the inmates who occupied the two cells next to Plaintiff on the two relevant dates in June 2006 would somehow jeopardize the safety and security of the institution, the inmates, or staff is unsupported by any specific evidence. In as much inmates can and do learn one another's names at every turn during their incarceration, it is simply not a persuasive assertion. If there is additional reason for concern, it has not been presented here.

In addition, discovery in federal court is not governed by state prison regulations or the California Government Code, and Defendant's citations to those sources as a shield to discovery lack merit.

Finally, a boilerplate claim of privilege or privacy does not suffice. Seattle Times Co., 467 U.S. at 35 n.21; Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Soto, 162 F.R.D. at 616.

///

Plaintiff's motion is granted as to the disclosure of the names and CDCR numbers of the inmates occupying cells 48 and 49 on June 15, 2006, and June 16, 2006.[1]  Plaintiff's motion is denied as to their current institutions of incarceration, however.  Plaintiff has not shown a need for that information and should Plaintiff be entitled to call any of these inmates to testify at trial, the Court will locate them and ensure their transportation.

Finally, Plaintiff's motion is denied as to ROG 11.  It is not clear who inmate Montgomery is and how his current location is relevant.

### 2. PODs 4-11, Set Two

**POD 4:** "Any and all documents that evidence your response to interrogatory No. 4 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 5:** "Any and all documents that evidence your response to interrogatory No. 5 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 6:** "Any and all documents that evidence your response to interrogatory No. 6 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 7:** "Any and all documents that evidence your response to interrogatory No. 7 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 8:** "Any and all documents that evidence your response to interrogatory No. 8 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 9:** "Any and all documents that evidence your response to interrogatory No. 9 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 10:** "Any and all documents that evidence your response to interrogatory No. 10 in Plaintiff's second-set of interrogatories served concurrently herewith."

**POD 11:** "Any and all documents that evidence your response to interrogatory No. 11 in Plaintiff's second-set of interrogatories served concurrently herewith."

///

---

[1] If there is a compelling reason, supported by evidence, why the disclosure of the inmates' CDCR numbers would jeopardize the inmates' safety or the security of any institution, Defendant may provide that information to the Court under seal, as the information may be necessary at the trial stage but its value to Plaintiff at this stage appears limited in as much as discovery is closed. However, Defendant must disclose the inmates' names to Plaintiff.

1   **Response:** Defendant objected that these documents are not described with reasonable
2   particularity; and the requests are unintelligible, vague, and overbroad, and they seek information
3   which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.
4   Defendant also objected that the requests seek confidential information which may threaten the
5   safety and security of the institution, staff, and inmates; and that Plaintiff is not entitled to possess
6   the information pursuant to Cal. Code Reg. Title 15, §§ 3321 and 3450(d), its disclosure is protected
7   by the California Government Code § 6254(c) and (f), and the information is protected by third
8   parties' privacy rights, which Defendant cannot waive.

9   **Ruling:** Plaintiff's motion to compel is denied.

10  Defendant's bare assertions of safety and security concerns, protection from disclosure by
11  state law, and privacy interests are overruled.  However, it is unclear what documents Plaintiff is
12  seeking and how any such documents would be relevant to his claim.  In the companion ROGS,
13  Plaintiff sought the identities of inmate witnesses occupying two neighboring cells.  The Court
14  declines to speculate what documents might be responsive and how any such documents would be
15  relevant.

16  **C.     Reasonable Expenses**

17  Finally, Plaintiff seeks the reasonable expenses incurred in bringing his motion to compel.
18  Fed. R. Civ. P. 37(a)(5).

19  Where a motion to compel is granted, the Court *must* award reasonable expenses incurred
20  unless, in relevant part, the opposing party's nondisclosure, response, or objection was substantially
21  justified or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A).  However,
22  where a motion to compel is granted only in part, the Court *may* apportion expenses but it is not
23  required to do so. Fed. R. Civ. P. 37(a)(5)(C).

24  It is unclear what expenses Plaintiff actually incurred in bringing his motion, as he did not
25  identify any, and he did not incur any attorney's fees since he is proceeding pro se.  Assuming
26  Plaintiff actually incurred some photocopying and mailing costs, Plaintiff was the prevailing party
27  only in part. Plaintiff's motion was denied as to his PODs and while it was granted as to his ROGs,
28  ///

the rulings in his favor included some limitations. Under these circumstances, the Court declines to apportion costs and Plaintiff's motion is denied.

IV.     **Order**

Based on the foregoing, Plaintiff's motion to compel, filed on December 1, 2011, is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's motion to compel a further response to ROGs 1-3, set one, is GRANTED, but Plaintiff is not entitled to the disclosure of any telephone numbers or addresses;

2. Plaintiff's motion to compel a further response to PODs 1-3, set one, is DENIED;

3. Plaintiff's motion to compel a further response to ROGs 4-11, set two, is GRANTED as to the names and CDCR numbers of the inmate witnesses in cells 48 and 49, but DENIED in all other respects;

4. Plaintiff's motion to compel a further response to PODs 4-11, set two, is DENIED;

5. Defendant has **thirty (30) days** from the date of service of this order within which to file supplemental responses in compliance with this order; and

6. Plaintiff's motion for reasonable expenses is DENIED.

IT IS SO ORDERED.

**Dated:    July 13, 2012**                         /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE